

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

1

Hon. Jean Day
County Attorney
Henderson County
Athens, Texas

Dear Sir:

Opinion No. O-7237
Re: Whether school trustee may
write insurance on property
of school district and re-
lated matter

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"I will thank you to give me the following
information.

"First: Can a member of the School-Board
of an Independent School District write insur-
ance on the busses and buildings.

"Second: Can a member of the School-Board
be a trustee on the Board of an Independent School
District and also be a trustee for a Junior College
in the same county and district."

We advise you on the basis of departmental opinions
covering analogous situations that it is contrary to public
policy for a school trustee to write insurance as an insurance
agent on property of the school district and consequently
school funds cannot be lawfully expended for such purposes.
However, we do not wish to be understood as holding that a
school district could not recover on such a policy of insurance
in case of a loss, if it were illegally written by the trustee
as agent, because in that case the insurance company would be
estopped to deny the invalidity of the acts of its agent. We
simply hold that the trustee has no right to make such a contract

Hon. Jean Day - Page 2

with his Board of Trustees and that the Board would not be authorized to pay the premiums on such a policy written by the trustee as agent of the insurance company. We enclose herewith our opinions Nos. O-878, O-2758 and O-6280 for detailed information.

Article 16, Section 40, of our State Constitution, reads in part as follows:

> "No person shall hold or exercise, at the same time, more than one civil office of emolument. . ."

34 Texas Jurisprudence, p. 349, referring to the above constitutional provision, states:

> "The constitution applies only to offices of emolument. 'Emolument' means a pecuniary profit, gain or advantage; hence the same person may hold two civil offices, where no pay, compensation or pecuniary gain attaches to one of them, provided they are not incompatible."

A member of the Board of Trustees of an independent school district, created under the general laws does not receive any compensation therefor. See Article 2775.

You do not state in your letter under what Act the independent school district was created nor do you state under what Act the Junior College was created, nor do you state whether the trustee would receive any compensation from either source. Trustees of Junior Colleges created under Article 2815h, Section 4, receive no compensation.

The facts will in all likelihood reveal that the trustee will receive no compensation from either the independent school district or the Junior College district. The trustee would not be disqualified unless he received compensation from both of said schools as we can see no incompatibility

Hon. Jeen Day - Page 3

in the holding of both offices at the same time.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By       Wm. J. Fenning
             Assistant

WJF:BT

APPROVED JUN 5 1946
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY